Filed 6/28/23  Stevenson v. County of Los Angeles CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEVIE J. STEVENSON, | |
| Plaintiff and Appellant, | G060608 |
| v. | (Super. Ct. No. 19STCP03567) |
| COUNTY OF LOS ANGELES et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Stevie J. Stevenson, in pro. per., for Plaintiff and Appellant.

Doyle Schafer McMahon, Terrence J. Schafer and James A. Chortanian for Defendant and Respondent James S. Bisnow.

Cummings, McClory, Davis, Acho & Associates and Sarah L. Overton for Defendants and Respondents the Honorable Craig Richman and Superior Court of California for the County of Los Angeles.

Collins & Collins, Tomas A. Guterres and James C. Jardin for Defendants and Respondents County of Los Angeles, Patricia L. Wilkinson, Brentford J. Ferreira, Corene Locke-Noble, Ian Phan, and Don Syn.

Michael N. Feuer, City Attorney, Scott Marcus, Assistant City Attorney, and Shaun Dabby Jacobs, Deputy City Attorney, for Defendants and Respondents City of Los Angeles, Norman Jackson, and Larry Hedwall.

\*          \*          \*

Plaintiff and appellant Stevie J. Stevenson is currently serving a life sentence for kidnapping. Stevenson sued various individuals and government entities for state and federal civil rights violations, as well as other torts, arising from their alleged failure to provide him with exculpatory evidence before and after his criminal trial. Defendants and respondents are Stevenson's appointed counsel on his postconviction matters, James S. Bisnow; the County of Los Angeles (the County); the deputy district attorneys involved in Stevenson's underlying kidnapping trial (Patricia L. Wilkinson) and in the postconviction discovery matters (Brentford J. Ferreira, Corene Locke-Noble, Ian Phan, and Don Syn) (collectively, with Wilkinson, the DDAs); the Superior Court of California for the County of Los Angeles (the Superior Court); Judge Craig Richman, who presided over Stevenson's postconviction matters; the City of Los Angeles (the City); and police officers Norman Jackson and Larry Hedwall (the police officers), who investigated the underlying kidnapping case.

The trial court sustained demurrers filed by all defendants without leave to amend. Stevenson appeals; we affirm.

2

STATEMENT OF FACTS AND PROCEDURAL HISTORY

I.

THE UNDERLYING KIDNAPPING CASE

In 1992, after a jury trial, Stevenson was convicted of kidnapping for ransom in a manner that exposed the victim to a substantial likelihood of bodily injury or death. (Pen. Code, former § 209, subd. (a).) The jury found true sentencing enhancement allegations that Stevenson committed the crime with the personal use of a firearm and while a principal was armed with a firearm. (*Id.*, §§ 12022.5, subd. (a), 12022, subd. (a)(1).) Stevenson was sentenced to a term of life without the possibility of parole.

Appointed appellate counsel filed an appeal from the judgment arguing insufficiency of the evidence, and a petition for habeas corpus arguing ineffective assistance of trial counsel. The appellate court affirmed the judgment and denied the habeas petition.

In postconviction proceedings, Stevenson alleges the police officers threatened, assaulted, and tortured suspects and witnesses in connection with the underlying case, and all defendants participated in a conspiracy to cover up those actions. Before trial, Stevenson's trial counsel requested copies of all witness interviews from the district attorney's office: "Copies of the audio tapes of the telephone taps as are referred to in the police reports and or transcriptions thereof. . . . [C]opies of the taped interviews of all witnesses including but not limited to [kidnapping victim Melvin] Richardson, [criminal codefendant Tracy] Gosha and [criminal codefendant Charles] McMath as are referred to in the police reports together with any transcriptions thereof" and "Copies of the Los Angeles Police Department taped interviews of all witnesses including LaTonya Johnson and Richardson." DDA Wilkinson provided written discovery materials to Stevenson's counsel, but Stevenson alleges no audiotapes were disclosed and "the

3

original notes, written reports and audiotapes from the interviews conducted by LAPD Detectives Jackson and Hedwall [were] not disclosed."

## II.

### POSTCONVICTION DISCOVERY AND OTHER POSTCONVICTION MOTIONS

In 1994, after the judgment in the underlying case was affirmed and the habeas petition was denied, Stevenson's appellate counsel provided him with copies of the discovery provided by the district attorney's office. Stevenson then filed a second petition for habeas corpus, in propria persona, arguing ineffective assistance of counsel, newly discovered evidence, and prosecutorial misconduct. That petition, too, was denied, as was a petition for review to the California Supreme Court.

In August 2012, Stevenson filed a motion for discovery material pursuant to Penal Code section 1054.9 (section 1054.9).[1] Although that motion was initially denied, the trial court reconsidered its ruling to allow Stevenson to obtain copies of documents that had originally been provided to him but which had been lost or destroyed. In November 2013, DDA Ferreira provided written discovery to Stevenson; no audiotapes were provided. The discovery provided included a statement by the

---

[1] "In a case in which a defendant is or has ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more, upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (b) or (d), order that the defendant be provided reasonable access to any of the materials described in subdivision (c)." (§ 1054.9, subd. (a).) "For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (§ 1054.9, subd. (c).) "[T]he statute covers specific discovery that the prosecutor did provide but has become lost to petitioner, that the prosecution should have provided but failed to do so, and . . . that to which the defense would have been entitled had it requested it." (*In re Steele* (2004) 32 Cal.4th 682, 692.)

4

kidnapping victim that he thought he had been kidnapped because he owed someone money for drugs.  At the preliminary hearing, the victim had testified he did not know Stevenson.

In August 2014, Stevenson, in propria persona, filed another motion for discovery under section 1054.9 and a *Pitchess* motion.[2]  Christa Hohmann of the Post Conviction Assistance Center was appointed to represent Stevenson in his request for discovery, and in January 2015 she informally requested 192 categories of documents and other evidence.  Hohmann also forwarded to the district attorney's office a 23-page list of items being sought by Stevenson.  DDA Locke-Noble objected to this request and refused to provide any additional materials because Stevenson was conducting a "fishing expedition."  Hohmann refused to file a *Pitchess* motion as requested by Stevenson, and eventually withdrew as counsel.

Bisnow was then appointed to represent Stevenson.  In December 2015, Stevenson filed a motion to discharge Bisnow and represent himself in connection with the section 1054.9 proceedings; that motion was denied.  In March 2016, Bisnow requested specific discovery items from the district attorney.  In April, Stevenson filed a motion in propria persona to amend Bisnow's list of discovery items to include more documents.

In June 2016, Bisnow filed another motion for postconviction discovery under section 1054.9 and another *Pitchess* motion.  Stevenson filed objections to the motions filed by Bisnow.  In July 2016, Judge Richman told the parties he would not consider any documents filed by Stevenson in propria persona as long as he was represented by counsel.

---

[2]  A motion for discovery or disclosure of the personnel records of a peace officer or custodial officer under Evidence Code sections 1043 through 1047 is typically referred to as a *Pitchess* motion, after the California Supreme Court's decision in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

In August 2016, DDA Locke-Noble provided additional audiotapes that Stevenson alleges are exculpatory. Stevenson then filed a *Marsden* motion[3] to dismiss Bisnow as his appointed counsel and to be self-represented. Judge Richman denied the *Marsden* motion without a hearing.

In September 2016, Stevenson filed a habeas petition in propria persona based on his allegations that material exculpatory evidence had been withheld from him, which Judge Richman summarily denied. Also in September 2016, Stevenson, in propria persona, filed another motion for postconviction discovery as well as a *Pitchess* motion. Judge Richman also denied those motions.

Stevenson filed a complaint against Judge Richman with the Commission for Judicial Performance in September 2016. In November 2016, Stevenson wrote a letter to the supervising judges of the Superior Court complaining about Judge Richman's handling of his postconviction motions. In that letter, Stevenson admitted he received discovery materials from the district attorney's office in 2012, 2013, 2015, and 2016, through which he became aware of the alleged cover up in his case and of the district attorney's failure to provide all allegedly discoverable evidence. Stevenson also alleged in that letter he was the victim of a miscarriage of justice committed by Bisnow, Judge Richman, and others. Also in November 2016, and again in November 2017, Stevenson filed a peremptory challenge against Judge Richman. (Code Civ. Proc., § 170.6.)

During an in person hearing on December 13, 2016, DDA Locke-Noble advised Judge Richman, and Bisnow agreed, that all discovery had been provided to Stevenson and asked the court to close the postconviction discovery proceedings.

A new attorney, Naren Hunter, was retained to represent Stevenson in December 2016 and Bisnow was relieved as counsel. Stevenson filed another motion for

---

[3] A motion made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, seeks substitution of appointed counsel.

6

discovery, in propria persona, in January 2017. Stevenson filed a motion to be permitted to appear in propria persona in March 2017, and in June 2017 he filed a motion to discharge Hunter as his counsel. Judge Richman did not take action on the motion to discharge Hunter, and advised Stevenson that Hunter would not be removed unless another attorney had been retained, or unless Stevenson wanted Bisnow to be reappointed.[4] In August 2017, Stevenson filed another discovery request under section 1054.9 and another *Pitchess* motion, both in propria persona.

Attorney Chris Campbell took over representing Stevenson, and Hunter was relieved, in August 2017. Campbell did not file a discovery motion, a *Pitchess* motion, or a peremptory challenge to Judge Richman despite Stevenson's repeated requests. Stevenson filed another petition for habeas corpus in propria persona in December 2017. DDA Phan appeared on behalf of the People at a single hearing in February 2018 on the section 1054.9 discovery matter, at which he agreed to continue the proceedings to give Stevenson's counsel time to review the previously-provided audiotapes. In April 2018, Stevenson filed a motion to represent himself, a motion for discovery, and a *Pitchess* motion.

DDA Syn appeared for the People at a hearing in April 2018, at which he requested that the discovery proceedings be terminated, but agreed to a further continuance. At hearings in June and August 2018, Syn agreed to further continuances. Finally, Syn appeared at a January 15, 2019 hearing at which the court terminated the section 1054.9 discovery proceedings.

---

[4] Although the issue is not before us, it is unclear from our record whether Judge Richman considered Stevenson's request for in propria persona status in respect to his section 1054.9 proceedings.

## III.

### PROCEDURAL HISTORY OF THE PRESENT CASE

In April 2019, Stevenson filed separate claims for damages with the City and the County. Both claims were denied as untimely, and Stevenson's applications for leave to file late claims were denied.

In August 2019, Stevenson filed his original complaint initiating the instant action. Stevenson's amended complaint, filed in September 2020, is the operative complaint. The amended complaint alleges causes of action for violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1, subd. (b)) (Bane Act) (first cause of action, against the County/DDA Locke-Noble and Richman/Superior Court), violation of the right to discovery (§ 1054.9) (second cause of action, against Richman), violation of First Amendment rights (third cause of action, against Richman), failure to discharge mandatory duties (Gov. Code, § 815.6) (fourth cause of action, against the County/DDAs, Richman/Superior Court, and the police officers), fraud (fifth cause of action, against DDA Locke-Noble and Bisnow), legal malpractice (sixth cause of action, against Bisnow), conspiracy to violate state and federal civil rights (seventh cause of action, against all defendants), and violation of civil rights under federal law (42 U.S.C. §§ 1983, 1985(3) (collectively section 1983)) (eighth cause of action, against all defendants).

All defendants demurred to Stevenson's amended complaint. A hearing on all demurrers was held May 6, 2021.

The County and the DDAs filed their demurrer to the original complaint on February 9, 2021; these defendants later clarified the demurrer was actually to the amended complaint. Stevenson filed an opposition brief, and these defendants filed a reply brief. The trial court sustained the demurrer without leave to amend on June 14, 2021 and entered judgment of dismissal on July 21.

8

Judge Richman and the Superior Court filed a demurrer February 10, 2021, to which Stevenson filed an opposition brief, and the moving parties filed a reply brief. On June 7, 2021, the trial court sustained the demurrer without leave to amend. Judgment of dismissal was entered on July 2, 2021, and notice of entry of judgment was served by mail on July 16, 2021.

Bisnow filed a demurrer on March 22, 2021, Stevenson filed an opposition brief, and Bisnow filed a reply brief. The trial court sustained the demurrer without leave to amend on June 16, 2021. An order of dismissal and judgment was entered on July 9, 2021, and notice of entry of judgment was served by mail on July 12.

The City filed its demurrer on February 5, 2021. The police officers filed a notice of joinder in the City's demurrer on March 16, 2021. Stevenson did not file any opposition to the City's demurrer. At the hearing on the demurrer, Stevenson advised the trial court he had not received the demurrer or the notice of joinder. The trial court permitted Stevenson to submit documentation showing he did not receive these documents. Stevenson did so on June 2, 2021. The trial court then sustained the demurrer on June 21, 2021. The court's minute order specifically references Stevenson's submission of the documentation, but does not show the court made any ruling as to whether or not it believed Stevenson received the demurrer from the City. An order and judgment of dismissal was entered July 9, 2021, and notice of entry of the judgment was served by mail on July 14, 2021.

Stevenson filed a notice of appeal on August 16, 2021 from a "Judgment of dismissal after an order sustaining a demurrer." In the notice designating the record on appeal, Stevenson indicated the "judgment or order appealed from" had been filed June 14, 2021. No order or judgment was attached to the notice of appeal. The minute order ruling on the demurrer filed by the County and the DDAs was the only document attached to the notice designating the record and the civil case information statement filed with this court.

9

DISCUSSION

I.

STANDARD OF REVIEW

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] """"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . . We also consider matters which may be judicially noticed." . . . Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.""' [Citation.]" (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.)

Stevenson argues on appeal the trial court erred by failing to state its reasons for sustaining the demurrers. The court specified the grounds for the orders, at a minimum by referring back to the demurrer in question. (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111 ["A court sustaining a demurrer is required to state the specific grounds for its decision, but is not required to state its reasons for sustaining the demurrer on the specified grounds"].)

Stevenson also requests that this court refuse to consider the arguments raised by defendants that were not relied on by the trial court. One of the rules of appellate review is that we must affirm the judgment or order on appeal if it is correct on any theory, whether or not the trial court stated its reasons (*Brown v. State of California* (1993) 21 Cal.App.4th 1500, 1506), or whether or not those reasons were incorrect (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330).

## II.

### STEVENSON'S NOTICE OF APPEAL MUST BE LIBERALLY CONSTRUED AS AN APPEAL FROM ALL JUDGMENTS ENTERED FOLLOWING DEFENDANTS' DEMURRERS.

Judge Richman and the Superior Court argue initially that this appellate court lacks jurisdiction over Stevenson's appeal of the judgment in their favor because Stevenson failed to timely appeal from that judgment. The trial court issued a minute order sustaining their demurrer on June 7, 2021 and entered an order of dismissal and judgment in their favor on July 2, 2021. Notice of entry of judgment was served on July 16, 2021. (Although only Judge Richman and the Superior Court make this argument, it would apply equally to all defendants other than the County.)

Stevenson filed his single notice of appeal on August 16, 2021; that notice identifies only a judgment or order filed on June 14, 2021. As noted in the procedural history section, *ante*, minute orders, orders of dismissal, judgments, and notices of judgment were filed on various dates in connection with each defendant's demurrer to the amended complaint. Stevenson's notice of appeal was filed after the last of the orders of dismissal/judgments was entered, but was timely as to each.

In deference to public policy favoring review on the merits, the notice of appeal "must be liberally construed" in favor of its sufficiency. (Cal. Rules of Court, rule 8.100(a)(2).) This is particularly true when the appellant is incarcerated. (*In re Jordan* (1992) 4 Cal.4th 116, 131, fn. 9 [incarcerated prisoner's pro. per. notice of appeal from judgment in one criminal case was sufficient to constitute notice of appeal from judgment in a separate criminal case]; *In re Christopher A.* (1991) 226 Cal.App.3d 1154, 1158, 1161 & fn. 2 [incarcerated appellant's letter stating "I want to file a [*sic*] appeal about that last hearing" in dependency case was sufficient as a notice of appeal]; see 6 Witkin, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 92, pp. 366–367.) If it is reasonably clear the appellant is appealing from more than one order or judgment, the rule of liberal construction will apply, as long as the respondent is not misled or

11

prejudiced. (*Creed v. Schultz* (1983) 148 Cal.App.3d 733, 736 [appeal from one order includes contemporaneous order in related case]; *Verceles v. Los Angeles Unified School Dist.* (2021) 63 Cal.App.5th 776, 783 [it was reasonably clear appeal was from two different orders, although only one was identified in notice of appeal]; see 9 Witkin, Cal. Procedure (6th ed. 2021) Appeal, § 586.)

In this case, all of the demurrers to Stevenson's amended complaint were heard on the same date and at the same time. The notice of appeal was filed after all judgments and/or dismissal orders were entered, and it was timely as to all of them. It was not unreasonable for Stevenson, representing himself, to assume that a single notice of appeal would apply to all of the demurrers. None of the respondents has claimed confusion as to the scope of Stevenson's appeal or been prejudiced by the incomplete notice of appeal. (Indeed, only defendants Judge Richman and the Superior Court raised the issue.) We will construe Stevenson's notice of appeal to be a notice of appeal from all final orders and judgments in this case.

Judge Richman and the Superior Court also argue the judgment in their favor should be affirmed because Stevenson's opening brief on appeal fails to contain sufficient legal argument, citing *People v. Stanley* (1995) 10 Cal.4th 764, 793. Although only these defendants raise this issue, any deficiencies in Stevenson's appellate briefing affect all defendants.

It is true Stevenson's brief does not fully comply with rule 8.204(a) of the California Rules of Court. Self-represented litigants such as Stevenson must follow the rules of procedure and are not entitled to "exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) However, we decline to find waiver or abandonment. Given the circumstances of this case and Stevenson's incarceration, we believe he is entitled to have his arguments considered and to know the reasons on the merits why his claims cannot proceed.

12

## III.

### CLAIMS AGAINST THE COUNTY AND THE DDAS

Stevenson asserted claims against the County and the DDAs for violation of the Bane Act, violation of Government Code section 815.6, conspiracy to violate state and federal civil rights, and violation of Stevenson's federal civil rights. Additionally, Stevenson asserted a claim for fraud against DDA Locke-Noble. All of these claims are barred by prosecutorial immunity and the litigation privilege. Stevenson's state law claims are barred because Stevenson failed to serve a timely notice of claim on the County. Several of the claims would also be barred for failure to state a cause of action.

### A. *All Claims Against the County and the DDAs Are Barred by Prosecutorial Immunity*

Both statutory and common law immunity protect the acts of prosecutors performing their duties. "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." (Gov. Code, § 821.6.) At common law, prosecutors are immune from liability for acts outside the institution or prosecution of an action, as long as they are performed as part of the prosecutor's official role. "'When a *quasi*-judicial officer, such as a prosecutor, acts within his official capacity he, like a *judicial* officer, enjoys absolute immunity.' [Citation.]" (*Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 857.) Stevenson's amended complaint alleges that each one of the DDAs named as a defendant is being sued in his or her official capacity.

All of the acts these defendants allegedly took in violation of Stevenson's rights were acts performed within their roles as public prosecutors. The DDAs are alleged to have conspired to deprive Stevenson of exculpatory or impeachment evidence. Specifically, DDA Wilkinson is alleged to have failed to provide all the required pretrial discovery. DDA Ferreira allegedly provided incomplete postconviction discovery. DDA

13

Locke-Noble refused to respond to another postconviction discovery request from Stevenson's counsel, but later did produce discovery. DDA Locke-Noble is also alleged, at a hearing in December 2016, to have told Judge Richman all discoverable materials had been provided to Stevenson's counsel, and the section 1054.9 proceedings should be terminated. DDAs Phan and Syn made appearances at further section 1054.9 hearings and advised the court all discovery materials had been provided to Stevenson.

As long as the DDAs' "activities were intimately associated with the judicial phase of the criminal process," they were "functions to which the reasons for absolute immunity apply with full force." (*Imbler v. Pachtman* (1976) 424 U.S. 409, 430 [prosecutor's knowing use of false testimony and suppressed material evidence at the criminal defendant's trial was protected by absolute immunity].)

Additionally, the cause of action for fraud alleges DDA Locke-Noble (with attorney Bisnow) made misrepresentations to Judge Richman regarding the completion of the postconviction discovery proceedings. These alleged misrepresentations, too, were made in Locke-Noble's official capacity while performing her role as a district attorney, and she is therefore immune from liability.

A public entity such as the County is immune from liability unless otherwise provided by statute. "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov. Code, § 815, subd. (a).)

All of the acts and omissions allegedly committed by the DDAs and the County are protected by absolute immunity. The trial court did not err by sustaining the demurrer to all causes of action against these defendants.

14

*B. All Claims Against the County and the DDAs Are Barred by the Litigation Privilege*

The County and the DDAs argue Stevenson's claims are barred by the litigation privilege under Civil Code section 47, subdivision (b), which bars actions arising out of "communications '(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action' [citation]." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1062.)

As noted in the previous section, all of Stevenson's claims against the DDAs are based on their statements and conduct at the trial or in postconviction proceedings regarding Stevenson's demands for discovery. Therefore, the claims against the DDAs and the County are absolutely barred by the litigation privilege.

*C. Failure to State a Cause of Action*

1. Lack of an Allegation of Violence or Credible Threat of Violence Bars the Bane Act Claim

A cause of action under the Bane Act requires an allegation of violence or intimidation by threat of violence. (Civ. Code, § 52.1, subd. (k); *Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1290.) The allegations of violence against suspects and witnesses in the underlying criminal case, but not against Stevenson, are insufficient. (*Bay Area Rapid Transit Dist. v. Superior Court* (1995) 38 Cal.App.4th 141, 144 [Bane Act is "limited to plaintiffs who themselves have been the subject of violence or threats"; statute does not create derivative liability].) Stevenson's incarceration is not sufficient to bring the Bane Act into play. (*Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 959 [Bane Act requires showing of coercion independent of coercion inherent in incarceration].)

Stevenson alleges the County and the DDAs "actively interfered with [Stevenson]'s right to counsel by obstructing his attorneys Christa Hohmann, Naren

15

Hunter and Chris Campbell from submitting his discovery requests, filing his *Pitchess* motion with supporting documents and filing the California Code of Civil Procedure §170.6 peremptory challenge to disqualify a prejudiced Judicial Officer by threats, intimidation, or coercion during the PC §1054.9 postconviction discovery proceedings in violation of the Thomas Bane Civil Rights Act and Sixth Amendment Right to Counsel and Article I, Section 15 of the California Constitution." The remainder of Stevenson's amended complaint, however, fails to allege any specific acts of threats, intimidation, or coercion by these defendants. To the contrary, as specified *ante*, these defendants were only alleged to have provided discovery materials and to have told the court they had done so.

In the absence of allegations of violence or a threat of violence by the County and/or the DDAs against Stevenson, the Bane Act claim against them fails.

2. Stevenson's Amended Complaint Is a Collateral Attack on the Underlying Criminal Proceedings

The County argues that Stevenson's claims based on postconviction proceedings are barred by the issue preclusion doctrine. "*Issue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id.* at p. 825.)

In this case, all of the elements of issue preclusion are present. The trial court's decisions regarding Stevenson's right to postconviction discovery are final; Stevenson did not challenge any of the decisions by filing a petition for a writ of mandate. The issues before the trial court considering Stevenson's civil complaint were the same as those before the court in the postconviction discovery proceedings.

16

Stevenson's right to the discovery was actually litigated and necessarily decided in the postconviction proceedings. And Stevenson is both the plaintiff in the present case and the defendant in the underlying criminal action. Therefore, Stevenson's claims are barred by the issue preclusion doctrine because they constitute a collateral attack on the trial court's orders in the criminal case.

IV.

CLAIMS AGAINST JUDGE RICHMAN AND THE SUPERIOR COURT

The claims asserted against Judge Richman are for violation of the Bane Act, violation of section 1054.9, violation of Stevenson's First Amendment rights, violation of Government Code section 815.6, conspiracy to violate state and federal civil rights, and violation of Stevenson's federal civil rights. The Superior Court is also named in the claims for violation of and conspiracy to violate Stevenson's state and federal civil rights, and for violating Government Code section 815.6.

For the reasons we will explain in detail *post*, all of the claims against Judge Richman and the Superior Court fail for several reasons. They are barred by judicial and/or quasi-judicial immunity. All state law claims are barred due to Stevenson's failure to serve a timely notice of claim. Stevenson's federal civil rights claims are barred by the statute of limitations. The trial court lacked subject matter jurisdiction over the claims for injunctive relief that would require one superior court to order the reversal of orders of another superior court. Finally, several of the claims against these defendants fail to state a cause of action. The demurrer by these defendants to the amended complaint was therefore properly sustained.

A. *All Claims Against Judge Richman Are Barred by Judicial Immunity*

Judge Richman argues judicial immunity bars Stevenson's causes of action against him. Absolute judicial immunity protects all actions undertaken by a judicial

17

officer within his or her judicial capacity, even if those actions were undertaken with bad faith or malice. (*Pierson v. Ray* (1967) 386 U.S. 547, 554; *La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893, 900.) The causes of action against Judge Richman allege he harmed Stevenson by making statements on the record, ruling on Stevenson's habeas petition, failing to rule on Stevenson's Code of Civil Procedure section 170.6 petition, denying requested discovery, terminating the discovery proceedings under section 1054.9, interfering with Stevenson's right to counsel, denying Stevenson the right to be present at court hearings, and denying him the opportunity to represent himself.

All of the allegations against Judge Richman in Stevenson's amended complaint are based on Judge Richman's acts of presiding over and issuing orders in Stevenson's postconviction proceedings. Therefore, judicial immunity barred all of Stevenson's claims against Judge Richman, and the trial court properly sustained the demurrer on that ground.

Further, quasi-judicial immunity protects all actions by the Superior Court. California courts have extended absolute judicial immunity to persons other than judges if those persons act in a judicial or quasi-judicial capacity. (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 852–853.) The only actions alleged against the Superior Court are the same as those alleged against Judge Richman individually. The trial court properly sustained the demurrer on this ground.

*B. The Failure to Present a Claim for Damages Against Judge Richman and the Superior Court Bars all State Claims Against Them*

Judge Richman and the Superior Court argue because Stevenson failed to file a timely government claim, the state claims asserted against them were properly

18

dismissed.[5]  Claims against a superior court or superior court judge are to be presented to that court's executive officer.  (Gov. Code, § 915, subd. (c)(1).)  Failure to allege compliance or excuse from compliance with the claim presentation requirement subjects a complaint to demurrer.  (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243, 1245.)

Stevenson's amended complaint alleges he filed claims for damages with the City and the County.  Copies of the claims themselves were not attached to the amended complaint.  The amended complaint does not allege a separate claim was filed with regard to the claims against Judge Richman and the Superior Court.  If no claim was filed as to Judge Richman and the Superior Court, no lawsuit for damages based on state law claims may be maintained against them.  (Gov. Code, § 945.4.)  If the notice of claims filed with the City or the County could somehow be read to cover these defendants, we would conclude they were untimely.

Stevenson filed a claim for damages against the County on April 18, 2019.  The County rejected his claim as untimely.[6]  Stevenson filed an application for leave to present a late claim on May 12, 2019; the County did not take action on the application because it had not been filed within one year after the claim accrued.  Government Code section 911.2, subdivision (a) requires a claimant to present a claim for "injury to person" no later than six months after accrual of the cause of action.  Based on the County's use of September 8, 2016 as the accrual date, a timely government claim was not filed, which would bar Stevenson's state law claims against Judge Richman and the Superior Court.

---

[5]  The requirement of a timely notice of claim before filing an action for damages against a public entity or employee does not apply to federal civil rights claims.  (*Williams v. Horvath* (1976) 16 Cal.3d 834, 842.)

[6]  The County determined that both the six-month and one-year claim periods applied to Stevenson's alleged claims.

The untimeliness of the claims against the City is addressed, *post*, at section VI.B.

*C. Stevenson's Federal Claims Against Judge Richman and the Superior Court Are Barred by the Statute of Limitations*

The statute of limitations on a claim for violation of a plaintiff's federal civil rights is the forum state's statute of limitations for personal injury actions. (*Wallace v. Kato* (2007) 549 U.S. 384, 387; *West Shield Investigations & Security Consultants v. Superior Court* (2000) 82 Cal.App.4th 935, 953.) Stevenson's claims based on the violation of his federal civil rights are subject to California's two-year statute of limitations. (Code Civ. Proc., § 335.1; *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 847.) These claims accrued when Stevenson knew or had reason to know of the injury that is the basis of the action. (*Wallace v. Kato, supra*, 549 U.S. at p. 389; *TwoRivers v. Lewis* (9th Cir. 1999) 174 F.3d 987, 991–992.)

Stevenson's federal claims against Judge Richman and the Superior Court accrued no later than November 2016, when Stevenson sent a letter to the supervising judges claiming he was a victim of a miscarriage of justice committed by Judge Richman as Judge Richman had mishandled his postconviction motions. The complaint was not filed until August 2019, making the federal civil rights claims barred by the statute of limitations.

Stevenson contends the statute of limitations did not begin to run until the final act of the conspiracy occurred on January 15, 2019, when Judge Richman entered an order terminating the postconviction discovery proceedings. An action that is privileged, however, is not wrongful and therefore cannot be an overt act preventing the running of the statute of limitations. (*Thompson v. California Fair Plan Assn* (1990) 221 Cal.App.3d 760, 767; see 3 Witkin, Cal. Procedure (6th ed. 2021) Actions, § 623, p. 757.) Because entering an order is a privileged act, it cannot be an overt act of the conspiracy.

20

Indeed, none of the privileged acts by the DDAs, the County, Judge Richman or the Superior Court could toll the running of the statutes of limitations on Stevenson's claims.

## D.  The Trial Court Lacked Subject Matter Jurisdiction Over the Claims Against Judge Richman and the Superior Court

Judge Richman argues the trial court in the present case did not have subject matter jurisdiction to grant the injunctive relief sought by the amended complaint. Only a court of appeal or the California Supreme Court may affirm, reverse, or modify a judgment or order of a superior court, or direct that another judgment or order be entered, or direct that a new trial or further proceedings be held.  (Code Civ. Proc., § 43.)  The amended complaint sought injunctive relief vacating Judge Richman's orders regarding postconviction discovery and vacating Judge Richman's denial of Stevenson's habeas petition.  Such relief by the trial court in the present case would violate Code of Civil Procedure section 43.  Therefore, the trial court in this case lacked subject matter jurisdiction to proceed as to the requests for injunctive relief against Judge Richman.

## E.  The Complaint Fails to State a Cause of Action Against Judge Richman and the Superior Court for Violation of the Bane Act

The Bane Act claim fails because it does not allege any violence or threats of violence by Judge Richman or the Superior Court against Stevenson.  See *ante*, section III.C.1.

## V.

### CLAIMS AGAINST BISNOW

Stevenson sued Bisnow, his former appointed postconviction attorney, for fraud, malpractice, violation of federal civil rights, and conspiracy to violate state and federal civil rights.  The malpractice claim is barred by the applicable statute of

21

limitations.  The other claims against Bisnow fail to state a cause of action.  Therefore, the trial court did not err by sustaining his demurrer.

A.  *The Statute of Limitations Bars the Malpractice Claim*

Bisnow argues Stevenson's claim against him for malpractice was barred by the statute of limitations.  A claim for legal malpractice "shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission."  (Code Civ. Proc., § 340.6, subd. (a).)

In December 2015, Stevenson asked the court to remove Bisnow as his appointed attorney.  In April and June 2016, Stevenson objected to Bisnow's informal and formal attempts to obtain documents and other information.  Stevenson filed a *Marsden* motion in August 2016, and filed a habeas petition, a *Pitchess* motion, and a section 1054.9 motion in propria persona, despite the fact he was still represented by Bisnow.  Finally, on December 13, 2016, Bisnow stated on the record Stevenson had received all of the discovery he requested and the discovery proceedings could be closed.  All of Stevenson's complaints about Bisnow are centered around Bisnow's failure to obtain the discovery to which Stevenson claimed to be entitled; this is the basis of the legal malpractice cause of action.[7]

---

[7]  The cause of action for legal malpractice alleges:  "Defendant Bisnow violated Plaintiff's Sixth Amendment right to counsel, the Due Process Clause of the Fourteenth Amendment, Article I, Sections 7(a) and 15 of the Californ[ia] Constitution by committing Legal Malpractice during Plaintiff's PC §1054.9 discovery proceedings by violating attorney client trust and confidence, by working against his client's best interest, by telling Plaintiff and others that he was GUILTY, by committing the act of FRAUD by presenting a falsehood to the Court that Plaintiff received all of his discovery and that the proceedings could be closed, when the attorney failed to submit ALL of Plaintiff's discovery requests and by deliberately withholding evidence that was supposed to be submitted to the Court."

22

The cause of action therefore accrued, at the latest, on December 13, 2016, when Bisnow stated on the record Stevenson had received all of the discovery he requested and the discovery proceedings could be closed. Stevenson's original complaint was filed August 19, 2019. The claim for legal malpractice was not filed within one year of the latest possible date on which the cause of action accrued and therefore fails.

## B. The Amended Complaint Fails to State a Claim Against Bisnow

Bisnow also argues that each of the remaining causes of action alleged against him in the amended complaint is factually insufficient. As to the fraud cause of action, Bisnow notes the amended complaint alleges Bisnow and DDA Locke-Noble committed fraud "upon the Court" by falsely advising Judge Richman that Stevenson had received all discovery materials subject to section 1054.9, and the discovery proceedings should therefore be closed; however, the amended complaint also alleges Bisnow and Judge Richman were part of a conspiracy to deprive Stevenson of his civil rights, including the right to postconviction discovery. We agree with Bisnow these two facts cannot both be true.

As to the claims for violation of civil rights and conspiracy to violate civil rights, the amended complaint fails to allege Bisnow himself undertook any actions supporting these causes of action, except his alleged participation in the conspiracy. But Bisnow's participation in the conspiracy allegedly consisted of "committing legal malpractice by presenting a falsity to the Court that [Stevenson] received all of his discovery when he failed to submit all of [Stevenson]'s discovery requests for pertinent materials that likely existed thereby committing fraud upon the Court; for deliberately submitting a *Pitchess* motion without [Stevenson]'s knowledge or approval and for excluding pertinent evidence that would have showed [Los Angeles Police Department] and [San Diego Police Department] Officers committed acts of violence or coercion during the arrests and investigation into the case against [Stevenson]." As with the claim

23

for fraud, Bisnow cannot have performed one action that, at the same time, committed a fraud on the court and was an overt act in a conspiracy with that same court.

VI.

CLAIMS AGAINST THE CITY AND THE POLICE OFFICERS

Stevenson sued the City and the police officers for conspiracy to violate his state and federal civil rights, and for violation of his federal civil rights. The officers were also named in the cause of action alleging a violation of Government Code section 815.6.

Initially, we must address the question of whether Stevenson was ever served with the City's demurrer. We conclude Stevenson was not properly served with the City's demurrer. However, Stevenson suffered no prejudice because the grounds on which that demurrer could be sustained are the same as those raised by other defendants in their demurrers and to which Stevenson had a full and fair opportunity to respond.

On the merits of the City's demurrer, for the reasons we will explain, we conclude the state claims are barred by the failure to serve a timely notice of claim on the City, and the federal claims are barred by the applicable statute of limitations.

*A. Was Stevenson Served with the City's Demurrer?*

Stevenson did not file any opposition to the City's demurrer. At the hearing on the demurrers, Stevenson advised the trial court he had not been served with the City's demurrer. The court gave Stevenson additional time to file with the court documentary evidence supporting his claim of lack of service; Stevenson did so. Stevenson submitted what appears to be a log of mail he received at the prison. There is nothing in the relevant time period from the Los Angeles City Attorney's office, although the names of counsel for the other defendants appear on the mail log.

24

The court's minute order does not address the claim the demurrer was never served; neither does it include a finding that the mail log was inadmissible or unconvincing. We conclude Stevenson's due process rights were violated when the trial court sustained the City's demurrer, with which Stevenson had never been served. However, Stevenson was not prejudiced because the arguments raised by the City in its demurrer were the same as those raised by other defendants' demurrers, to which Stevenson had a full and fair opportunity to respond, and as discussed *ante*, we are affirming the orders sustaining those demurrers.

*B. Stevenson Failed to Present a Timely Government Claim Against the City and the Police Officers*

The City argues Stevenson's state law claims against the City and the police officers were barred because he did not present a timely government claim. A notice of a claim for damages against a public entity must be presented "not later than six months after the accrual of the cause of action." (Gov. Code, § 911.2, subd. (a).) If the claim is not filed within the six-month period, the person making the claim may apply for leave to file a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (Gov. Code, § 911.4, subds. (a), (b).)

Stevenson filed a Government Code section 911.2 notice of claim against the City and the police officers on April 19, 2019, which was rejected as being untimely.[8]

---

[8] The City's letter rejecting the majority of Stevenson's claims as untimely was based on the one-year claims period. In their appellate brief, however, the City argues the six-month claims period applies.

Stevenson's claim for losses commencing January 15, 2019 was accepted and denied. The last act alleged in the amended complaint was the order terminating discovery proceedings at the hearing on January 15, 2019.

On May 20, 2019, Stevenson filed an application for leave to present a late claim, which was denied by the City.

Stevenson's claims against the City and the police officers are based on the officers' actions in threatening and beating up witnesses and suspects during the investigation of the underlying kidnapping, their participation in the alleged conspiracy to cover up their actions, and their failure to disclose exculpatory and impeachment evidence to Stevenson and his counsel. Based on the allegations of the amended complaint, Stevenson was aware of the allegedly brutal behavior of the police officers against witnesses and suspects at least as early as 1994, when Stevenson filed a *Pitchess* motion for their records. As with other defendants, Stevenson's claims based on the failure to disclose exculpatory material accrued no later than December 13, 2016, when DDA Locke-Noble and Bisnow jointly advised Judge Richman all discovery had been provided and asked that the postconviction discovery proceedings be terminated. Therefore, all of Stevenson's claims against these defendants accrued long before the notice of claim was filed with the City. The causes of action against these defendants are therefore barred.

*C. Stevenson's Federal Claims Against the City and the Police Officers Are Barred by the Statute of Limitations*

Additionally, as discussed *ante* at section IV.C., the federal claims against the City and the police officers are barred as a matter of law by the two-year statute of limitations.

These defendants did not raise this argument in their demurrer. "Although an issue not raised in the trial court is typically forfeited, we can reach a ground for demurrer not raised below if it presents a pure question of law and the parties have been given an opportunity to address it. [Citations.] Indeed, we must affirm an order of dismissal when there are no grounds for relief and the demurrer is meritorious as a matter

26

of law.  [Citation.]”  (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 732, fn. 2; see *Woods v. Fox Broadcasting Sub., Inc.* (2005) 129 Cal.App.4th 344, 357; *Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 22; *Trinkle v. California State Lottery* (1999) 71 Cal.App.4th 1198, 1201.)  Because this issue was raised by another defendant, Stevenson had a full and fair opportunity to address it.

## VII.

### THE TRIAL COURT DID NOT ERR BY SUSTAINING THE DEMURRERS WITHOUT LEAVE TO AMEND

“‘“‘[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.  [Citation.]”  [Citation.]’  [Citation.]”  (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)  The plaintiff bears the burden of proving such a reasonable possibility.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Stevenson does not argue in his appellate briefs the trial court should have granted him leave to amend, and he does not otherwise argue there is a reasonable possibility the defects in the pleading of his claims can be cured by amendment.  In his appellate briefs, Stevenson does not seek leave to amend any of his causes of action.  In Stevenson’s opposition to Richman/Superior Court’s demurrer, he wrote:  “If this Court were to accept the facts as true and sees that an amendment to the complaint could cure a deficiency it is respectfully asked that [Stevenson] be allowed to amend.”  Stevenson did not request leave to amend in his other oppositions.  He has not argued in the trial court or on appeal there is a reasonable possibility he could cure any defect.

We therefore conclude the trial court did not abuse its discretion by sustaining the demurrers to the claims without leave to amend.

27

## DISPOSITION

The judgment is affirmed.  In the interests of justice, no party shall recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.